IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. FULLER,

    Petitioner,                    No. CIV S-10-0842 DAD P

    vs.

RICK HILL, Warden,             ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 26, 2010, the undersigned ordered respondent to file and serve a response to the petition. On December 28, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has not filed an opposition to the motion.[1]

/////

---

[1] On April 4, 2011, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty-one days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Nonetheless, petitioner still has not filed an opposition to respondent's motion. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

**BACKGROUND**

On June 4, 2007, petitioner pleaded no contest to a misdemeanor charge of driving under the influence in the Solano County Superior Court. On the same day, that court suspended imposition of sentence and placed petitioner on probation for three years. According to his petition filed with this court, petitioner did not appeal the conviction. On November 30, 2009, however, petitioner did file a petition for writ of habeas corpus attacking his misdemeanor conviction in the California Supreme Court. On February 3, 2010, the California Supreme Court denied the petition. (Resp't's Mot. to Dismiss Exs. 1 & 2.)

Under the mailbox rule[2], on April 7, 2010, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

**RESPONDENT'S MOTION TO DISMISS**

Respondent moves to dismiss the pending petition, arguing that it is time-barred. Specifically, respondent argues that petitioner's judgment of conviction became final on August 3, 2007, after the time for filing a direct appeal had expired. The statute of limitations for the filing of a federal habeas petition began running the following day on August 4, 2007, and expired one year later on August 3, 2008. (Resp't's Mot. to Dismiss at 2.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. However, respondent contends that petitioner is not entitled to statutory tolling because he did not file his sole state habeas petition with the California Supreme Court until after the statute of limitations for the filing of a federal petition had expired. Accordingly, respondent maintains that the pending petition is untimely and must be dismissed with prejudice. (Resp't's Mot. to Dismiss at 2-3.)

/////

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A)</u>

As noted above, on June 4, 2007, petitioner pleaded no contest to a misdemeanor charge of driving under the influence in the Solano County Superior Court. On the same day, that court suspended imposition of sentence and placed petitioner on probation for three years. Petitioner did not appeal from that judgment of conviction.

For purposes of federal habeas review, petitioner's conviction became final on August 3, 2007, when the sixty-day period for filing a direct appeal expired. See Cal. Rules of Court, Rule 8.308. The AEDPA one-year statute of limitations period began to run the following day, on August 4, 2007, until it expired one year later on August 3, 2008. Petitioner filed his federal habeas petition more than a year and eight months later, on April 7, 2010. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III.   Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed only one petition seeking habeas corpus relief in state court. However, he did not file his sole petition with the California Supreme Court until November 30, 2009, long after the statute of limitations for the filing of a federal habeas petition had expired. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

/////

In short, by the time petitioner filed his federal habeas petition on April 7, 2010, the AEDPA statute of limitations for doing so had expired, rendering his pending federal habeas petition time-barred. Accordingly, respondent's motion to dismiss the pending petition should be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Respondent's December 28, 2010 motion to dismiss (Doc. No. 18) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
full0842.157